UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>　　　　　　Defendant. | No.  2:17-cv-2591-JAM-EFB PS<br><br><br>ORDER |

　　　　The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed his original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1] After receiving an extension of time, plaintiff filed a first amended complaint. ECF No. 7.  As discussed below, plaintiff's first amended complaint states potentially cognizable discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964.

　　　　As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against his former employer, The Procter & Gamble Company.  ECF No. 7.  The first amended complaint alleges plaintiff was subjected to discrimination on account of his race, gender, and marital status. *Id*. at 1.  Plaintiff, a Caucasian male, claims that while employed by defendant, he was held to more rigorous standards than his Asian, female coworkers. *Id*.  Specifically, he claims that he was required to complete all testing during his shift, while the three Asian, female employees were permitted to leave testing unfinished. *Id*.  He also claims that he was required to run separate tests for each individual sample, while the three coworkers were permitted to share data between samples. *Id*.

The amended complaint further alleges that plaintiff and other male analysts were verbally harassed and threatened by the lab's supervisor, Boby Nand, and that such harassment was never directed towards Asian, female employees. *Id*. at 2.  Plaintiff also alleges that after he requested the department manager address Nand's conduct, plaintiff was placed on leave without pay for 15

weeks and eventually terminated. *Id*. Plaintiff claims he subsequently filed a charge with the Equal Employment Opportunity Commission, which dismissed the charge without conducting a proper investigation. *Id*. at 3.

Although the amended complaint does not identify a specific cause of action, plaintiff's allegations indicate that he is attempting to allege claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). A person suffers disparate treatment when he is "singled out and treated less favorably than others similarly situated on account" of his membership in a protected class. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotations omitted). To state a claim for retaliation in violation of Title VII, plaintiff must allege that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987); *see also Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) (an informal complaint to a supervisor is protected activity under Title VII).

Plaintiff alleges that he was treated less favorably than Asian, female employees. He also claims that after he complained about being harassed by his lab supervisor, he was placed on leave and eventually terminated. Liberally construed, these allegations are sufficient to potentially state cognizable retaliation and race and sex-based discrimination under Title VII.[2]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint alleges, for screening purposes, potentially cognizable discrimination and retaliation claims under Title VII.

/////

/////

---

[2] The first sentence of the amended complaint states that this action concerns discrimination based on race, gender, and marital status. ECF No. 7 at 1. The amended complaint, however, is devoid of any allegations concerning plaintiff's marital status. In fact, the complaint contains no other references to marital status. Accordingly, it does not appear that plaintiff seeks to allege a discrimination claim based on his marital status.

2. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

3. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for defendant;

    c. A copy of the complaint for defendant, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for defendant.

4. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served. If the U.S. Marshal is unable, for any reason, to effect service of process on defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: July 6, 2020.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE