1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN GARCIA,                          No. 2:17-cv-02591-MCE-JDP

12                 Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS
                                              THAT THE COURT DISMISS THIS CASE
14    PROCTER AND GAMBLE COMPANY,             FOR PLAINTIFF'S FAILURES TO
                                              PROSECUTE AND TO COMPLY WITH
15                 Defendant.                 COURT ORDERS

16                                            OBJECTIONS DUE WITHIN 14 DAYS

17

18         On December 1, 2020, the court issued an order resetting an initial scheduling conference

19    for December 17, 2020 and directing the parties to file a joint status report seven days prior.  ECF

20    No. 15.  Defendant timely filed a status report.  ECF No. 17.  Plaintiff, however, failed to

21    separately file his own status report or join in defendant's filing.  On December 17, 2020, the

22    court moved the initial scheduling conference and ordered plaintiff to show cause why sanctions

23    should not be imposed for his failure to comply with the court's order.  ECF No. 18.  Plaintiff has

24    not responded to the court's order to show cause and the time to do so has now passed.

25         To manage its docket effectively, the court imposes deadlines on litigants and requires

26    litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute

27    or failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v.*

28

                                              1

1  *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Involuntary dismissal is a harsh penalty, but

2  a district court has a duty to administer justice expeditiously and avoid needless burden for the

3  parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

4        In considering whether to dismiss the case for failure to prosecute, a court ordinarily

5  considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

6  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

7  favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."

8  *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779

9  F.2d 1421, 1423 (9th Cir.1986)).  These heuristic factors merely guide the court's inquiry; they

10  are not conditions precedent for dismissal.  *See In re Phenylpropanolamine (PPA) Products*

11  *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

12        "The public's interest in expeditious resolution of litigation always favors dismissal."

13  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California*

14  *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of

15  dismissal.

16        Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently

17  prejudicial to warrant dismissal.  *Id.* (citing *Yourish*, 191 F.3d at 991).  However, delay inherently

18  increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643,

19  and it is plaintiff's failure to prosecute this case that is causing delay.  Therefore, the third factor

20  weighs in favor of dismissal.

21        As for the availability of lesser sanctions, at this stage in the proceedings there is little

22  available to the court that would constitute a satisfactory lesser sanction while protecting the court

23  from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use,

24  considering plaintiff's *in forma pauperis* status, and the preclusion of evidence or witnesses is not

25  available.  While dismissal is a harsh sanction, no lesser sanction is available.

26        Finally, because public policy favors disposition on the merits, this factor weighs against

27  dismissal.  *Id.*

28

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate.  The court will recommend dismissal without prejudice.

**Findings and Recommendations**

Accordingly, I recommend that the case be dismissed without prejudice for plaintiff's failures to prosecute and to comply with court orders.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   __January 13, 2021__      _____
                                   JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE

3